[No. 10,025.]

## THE PEOPLE v. S. S. BUMBERGER.

WAIVER OF WRITTEN CHARGE TO THE JURY.—Under subdivision six of section one thousand and ninety-three of the Penal Code, a written charge may be waived in a criminal case.

CHARGE TO JURY IN CRIMINAL CASE.—If the charge of the Court to the jury in a criminal case appears in the record, and the record shows nothing to the contrary, the presumption will be that it was fully taken down by the Reporter of the Court at the time it was given, as provided in section one thousand and ninety-three of the Penal Code.

CHARGE TO JURY ON DEFENSE OF INSANITY.—It is not improper for the Court, in its charge to the jury in a criminal case where the defense of insanity is set up, to caution the jury to be careful that no pretended case of insanity should be allowed to shield the defendant from the ordinary consequences of his act.

APPEAL from the Municipal Court of the City and County of San Francisco.

The defendant was tried upon an indictment for felony. In its charge to the jury the Court used this language: " Of course there is one thing to be said about this kind of defense [insanity]. It is doubtless true that it has been relied upon in a great many cases, and has been sustained where it should not have been; it has got to be somewhat odious in the minds of the community. Still there is no doubt that a person who has really committed an act when he was in an unsound state of mind—an act which is the result of a diseased state of mind—should have the full benefit of this fact. But, of course, not more in this regard than where anything else is set up to shield a man from the ordinary consequences of his own act. The jury should be careful that no pretended case of insanity is allowed to shield a man from the ordinary consequences of his own act. However, I suppose that, gentlemen, is a matter which you understand just as well as I do. It is not a matter given as law in the case, but it is simply a matter thrown out by way of suggestion." The defendant was convicted and appealed from the judgment.

*John C. Burch*, for Appellant, argued that the record must show that the defendant himself consented that the Court should charge the jury orally, and cited Sec. 1093, Subd. 6, Penal Code; *People* v. *Chares*, 26 Cal. 78; *People* v. *Sanford*, 43 Cal. 29. He also argued that it was error for the Court, when charging the jury, to indulge in suggestions which are at the time characterized as not the law. (Penal Code, Sec. 1093, Subd. 6; id., Sec. 1127 and note; State Constitution, Art. VI, Sec. 17.)

*Attorney General Love*, for Respondent.

A written charge was waived and the charge of the Court was not only law but appropriate.

By the COURT:

The only points made relate to the charge given by the Court to the jury. Subdivision six of section one thousand and ninety-three of the Penal Code provides that the "charge must be reduced to writing before it is given, unless by the mutual consent of the parties it is given orally, or unless it is fully taken down by the reporter of the Court at the time it is given."

It appears from the record that the Court charged the jury orally, "a written charge being waived." It also appears that "counsel for the respective parties having expressly waived a written charge, the Court charged the jury as follows;" and then the charge is given at length in the transcript.

There can be no just pretense that the charge was not given orally by the mutual consent of the parties; and if there could be, we should still necessarily presume from the fact of its appearing in the record, that it was fully taken down by the reporter at the time it was given.

There was no impropriety in the remarks made by the Court to the jury on the subject of insanity. They were a just caution to the jury to be careful that no pretended case of insanity should be allowed to shield a man from the ordinary consequences of his own acts, while at the same time the jury were in effect told that if one has really committed an act which was the result of a diseased or unsound mind, the defense of insanity would be a good one, and he ought to have the full benefit of it.

Judgment affirmed.