[Crim. No. 158.   In Bank.—November 30, 1896.]

## THE PEOPLE, RESPONDENT, *v.* FRANK H. LAR- RABEE, APPELLANT.

CRIMINAL LAW—HOMICIDE—INSANITY—ATROCITY OF CRIME—MOTIVE— CONFLICTING EVIDENCE OF EXPERTS.—Where a defendant charged with murder relies upon insanity as a defense, the atrocity of the murder and circumstances of inhumanity and barbarity may be evidence of insanity, but may also owe their existence to the promptings of a brutal and malignant spirit; and where a jealous rage appears to have been the motive of the crime, and, upon the general question of insanity, the evidence of experts is conflicting, the jury are sole arbiters of the question, and their verdict will not be disturbed upon appeal.

ID.—INSTRUCTION — CARE AS TO DEFENSE OF INSANITY. — It is proper to instruct the jury that while the defense of insanity is to be weighed fully, fairly, and justly, and, when satisfactorily established, must commend itself to the sense of humanity and justice of the jury, they must examine it with care lest a mere counterfeit of this mental infirmity shall furnish immunity to guilt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   WILLIAM T. WAL- LACE, Judge.

The facts are stated in the opinion of the court.

*George Hayford*, for Appellant.

In face of the strong showing of insanity, the court erred in its instruction to the jury upon the subject of insanity.   (*People* v. *Bowers*, 79 Cal. 415.)

*W. F. Fitzgerald, Attorney General*, and *W. H. Ander- son, Assistant Attorney General*, for Respondent.

The instruction complained of is substantially the same as that approved by this court in *People* v. *Dennis*, 39 Cal. 625, and *People* v. *Bumberger*, 45 Cal. 650, and is identical with that given in *People* v. *Pico*, 62 Cal. 50.

HENSHAW, J.—The defendant was tried and convicted of murder, the jury fixing the penalty at imprisonment for life.   He prosecutes this appeal from the judgment. The killing was admitted.   The defense was insanity.

Appellant claims that the atrocity of the murder, the lack of motive for the crime, together with the other evidence in the case, established insanity by a clear preponderance. But if circumstances of inhumanity and barbarity were to be held sufficient to prove the irresponsibility of the perpetrator of a homicide, it would be but an invitation to the evil-minded to increase the number of their victims, and to make their crimes blacker, more horrible, and more infamous. Such circumstances may be evidence of insanity, but they may equally owe their existence to the promptings of a brutal and malignant spirit.

In the present case no lack of motive appears. A jealous rage seems to have been the moving cause. Defendant cut the throat of his mistress, who, after tricking and deceiving him, and wheedling him out of his money, carried this and her favors to the arms of another lover.

Upon the general question of insanity, the evidence of experts was, as usual, conflicting, and the jury must be left as sole arbiters of the question.

The only other point which appellant presses upon our consideration is the alleged error of the trial court in giving the following instruction: "The defense of insanity is one which may be, and sometimes is, resorted to in cases in which the proof of the overt act is so full and complete that any other means of avoiding conviction and escaping punishment seems hopeless. While, therefore, this is a defense to be weighed fully, fairly, and justly, and, when satisfactorily established, must commend itself to the sense of humanity and justice of the jury, they must examine it with care lest a mere counterfeit of this mental infirmity shall furnish immunity to guilt."

This is in all essentials identical with the instruction approved in *People* v. *Pico*, 62 Cal. 50. In *People* v. *Dennis*, 39 Cal. 625, and in *People* v. *Bumberger*, 45 Cal. 650, it was held to be proper for the trial court to instruct the jury to view the evidence upon the defense of

insanity with care, lest feigned insanity might shield a defendant from the just consequences of his guilt.

We have not observed that the defense of insanity has been employed since the decisions of these cases in a manner to make the caution less needful.

The judgment appealed from is affirmed.

McFARLAND, J., TEMPLE, J., HARRISON, J., and VAN FLEET, J., concurred.