## THE PEOPLE, RESPONDENT, v. ERNEST GEIGER, APPELLANT.

CRIMINAL LAW—TRIAL—STAY OF PROCEEDINGS—INSANITY OF DEFENDANT—ESCAPE FROM ASYLUM—CERTIFICATE OF RECOVERY.—Upon the trial of a defendant accused of crime, a motion to stay proceedings on the ground that the defendant had been regularly committed to an asylum as an insane person, and had not been legally discharged therefrom, and was then insane, is properly denied, although it appeared that defendant had escaped from the asylum, where it also appeared that the resident physician of the asylum had shortly after his escape caused an appropriate record to be made of his recovery, and the prior escape of the defendant from the asylum is no ground for impeaching the determination of his recovery by competent authority, nor is his presence at the asylum a condition of the valid exercise of the power to discharge him.

ID.—SUBMISSION OF QUESTION OF PRESENT SANITY—INSUFFICIENT SHOWING.—Where there was no evidence to support a motion to submit to trial the question of the present sanity of the defendant, other than that adduced upon the motion to stay proceedings, the motion is properly denied; it appearing *prima facie* that the defendant had been restored to reason, and nothing appearing to constrain a doubt in the mind of the judge as to defendant's sanity.

ID.—BURGLARY—DEFENSE OF INSANITY—CONFLICTING EVIDENCE.—Where a defendant accused of burglary was convicted, and the evidence relating to the defense of his insanity at the time when the burglary was committed was conflicting, and the trial judge considered the evidence sufficient to justify the verdict, its insufficiency cannot be assumed upon appeal.

ID.—DESCRIPTION OF BUILDING—IMMATERIAL VARIANCE—SURPLUSAGE IN INFORMATION.—The information need only aver that the building in which the burglary was committed was in the county, and an averment that it was at a specified town in the county is surplusage, where it does not appear that the local vicinage is important for identification, and proof that the building was situated a mile and a half from the town alleged is not a material variance.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial. E. D. HAM, Judge.

The facts are stated in the opinion.

*George E. Colwell*, for Appellant.

*Attorney General W. F. Fitzgerald*, and *Assistant Attorney General W. H. Anderson*, for Respondent.

BRITT, C.—Defendant was charged with the crime of burglary perpetrated on October 9, 1895. When the case was called for trial he moved the court to stay all proceedings against him, and assigned as ground for such motion that he had been regularly committed as an insane person to an asylum for such persons, had not been legally discharged therefrom, and was then insane. The proof was that on November 9, 1892, he was duly committed by a judge of the superior court to the state asylum for the insane at Napa; he escaped therefrom on December 24, 1894, and never returned; no attempt was made to retake him; the resident physician, being of opinion that he was restored to reason, had before his escape intended to order his discharge if his condition did not change in a few days; and believing him to be then so restored said resident physician caused an appropriate record to be made of his discharge as "recovered" very shortly after the escape. On this showing the court rightly denied the motion. The statute concerning the management of the asylum provides that the resident physician shall be the executive officer of the institution, and shall discharge such patients as, "in his opinion, have permanently recovered their reason" (Stats. 1875–76, p. 135); and the fact that defendant had escaped when his recovery was thus determined by competent authority, is no ground for impeaching such determination; the statute did not make his corporal presence a condition of the valid exercise of the power to discharge him. (See *Kellogg* v. *Cochran*, 87 Cal. 192.)

Defendant next moved the court to submit to trial the question of his present insanity, under the provision for such submission in section 1368 of the Penal Code, "if a doubt arise as to the sanity of the defendant." The motion was not supported by any evidence in addition to that produced on the motion for a stay, and it was denied. We see no error; *prima facie* defendant had been restored to reason, and it cannot be said that the showing was such as to necessarily constrain a doubt of

his present sanity in the mind of the judge. ( *Webber* v. *Commonwealth,* 119 Pa. St. 223, 4 Am. St. Rep. 634, where this question is examined at length.)

The trial of the information proceeded, and defendant was found guilty. It is urged that the evidence showed conclusively that he was insane when the burglary was committed; there was certainly evidence that he acted at times like a lunatic man, and that in the opinion of some who knew him well he was crazy; on the other hand, there was testimony that he made false statements of the means by which he procured the property stolen at the time of the burglary, and several of his neighbors and intimate acquaintances testified their belief that he was sane; the record also informs us that "other witnesses in corroboration were examined"; how strong such corroboration may have been we cannot know. It must be said that the evidence regarding his sanity was conflicting; the trial judge considered it sufficient to justify the verdict, and its insufficiency cannot be assumed here.

There was a request for an instruction directing the jury to acquit on the ground of variance between allegation and proof in this: The information charged a burglary in entering, etc., a building at St. Helena, in the county of Napa, while the proof was that the building is situated a mile and a half from St. Helena. It does not appear that a designation of the local vicinage of the building was at all important for its identification, and unless necessary for that purpose it was surplusage to allege or prove its situation further than that it was in the county of Napa. (*People* v. *Handley,* 100 Cal. 370; 2 Bishop's Criminal Procedure, sec. 135.) The judgment and order denying a new trial should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.