1:39 LRA 739n|

[Crim. No. 242.  In Bank.—May 22, 1897.]

## THE PEOPLE, RESPONDENT v. HARVEY ALLENDER, APPELLANT.

CRIMINAL LAW—HOMICIDE—DEFENSE OF INSANITY—BURDEN OF PROOF.—
A defendant charged with the crime of murder, who relies upon insanity as a defense, has the burden of proving his insanity at the time of the homicide by a preponderance of evidence.

ID.—AUTHORITY OF FEDERAL DECISION.—Upon a question of law, like that pertaining to the burden of proof in criminal cases tried in the courts of this state, this court is not bound by a decision of the supreme court of the United States.

ID.—INSTRUCTION—CAUTION AS TO DEFENSE OF INSANITY.—It is proper to instruct the jury that "the defense of insanity is one which may be and sometimes is resorted to in cases where the proof of the overt act is so full and complete that any other means of avoiding conviction and escaping punishment seems hopeless," and that "while, therefore, this is a defense to be weighed fully and justly, and when satisfactorily established must recommend itself to the favorable consideration of the humanity and justice of the jury, they are to examine it with care lest an ingenious counterfeit of such a mental disorder should furnish immunity for guilt."

APPEAL from a judgment of the Superior Court of Santa Clara County.  WILLIAM G. LORIGAN, Judge.

The facts are stated in the opinion of the court.

*H. V. Morehouse* and *John B. Kerwin,* for Appellant.

The court erred in instructing the jury that the burden rested upon the defendant of proving his insanity by a preponderance of evidence. (*Davis* v. *United States,* 160 U. S. 469.)  In criminal cases the burden of proof always rests upon the prosecution. (*People* v. *Cheong Foon Ark,* 61 Cal. 527; *People* v. *Smith,* 59 Cal. 601; *People* v. *Flanagan,* 60 Cal. 3; 44 Am. Rep. 52; *People* v. *Bushton,* 80 Cal. 160; *People* v. *Elliott,* 80 Cal. 296; *People* v. *Anderson,* 105 Cal. 32.)

*W. F. Fitzgerald, Attorney General,* and *Henry E. Carter, Deputy Attorney General,* for Respondent.

The instruction to the jury that the burden rested upon the defendant of proving his insanity was proper, as such is the settled law of California. (*People* v.

*Myers,* 20 Cal. 518; *People* v. *Coffman,* 24 Cal. 237; *People* v. *McDonnell,* 47 Cal. 134; *People* v. *Wilson,* 49 Cal. 13; *People* v. *Ferric,* 55 Cal. 591; *People* v. *Messersmith,* 61 Cal. 246; *People* v. *Pico,* 62 Cal. 50; *People* v. *Hamilton,* 62 Cal. 377; *People* v. *Kernaghan,* 72 Cal. 609; *People* v. *Eubanks,* 86 Cal. 295; *People* v. *Travers,* 88 Cal. 233–39; *People* v. *McNulty,* 93 Cal. 427–43; *People* v. *Bemmerly,* 98 Cal. 299.) The instruction cautioning the jury as to the defense of insanity was also proper. (*People* v. *Dennis,* 39 Cal. 637; *People* v. *Pico, supra; People* v. *Bumberger,* 45 Cal. 650; *People* v. *Ferris,* 55 Cal. 591.)

GAROUTTE, J.—The defendant has been convicted of the crime of murder in the first degree, and the penalty of death affixed. He appeals from the judgment upon the single ground that the court committed error in instructing the jury as to the law in two certain particulars.

The most serious objection of defendant is taken to the action of the trial judge in giving an instruction bearing upon the question of insanity. As to insanity the jury were told that the burden rested upon the defendant of proving his insanity by a preponderance of evidence. The principle of law thus declared is in full accord with the law of this state. For a period of thirty-five years this court has repeatedly and uniformly so declared the law to be. The cases to that effect are numbered by the score. We find the doctrine first announced in *People* v. *Myers,* 20 Cal. 518, and we find this court in the recent case of *People* v. *Bemmerly,* 98 Cal. 299, saying that the question is no longer an open one in this state. The law here declared by the trial court is also in line with the decisions of the courts of England, and also in accord with the views of the highest courts of more than one-half of the states of this Union. The defendant cites for our consideration *Davis* v. *United States,* 160 U. S. 469. In that case the supreme court of the United States holds to views upon this question contrary to those we have so often declared;

but it is only necessary to say that upon a principle of law like the one here presented we are not bound by the views of that tribunal.

The trial judge instructed the jury: "The defense of insanity is one which may be and sometimes is resorted to in cases where the proof of the overt act is so full and complete that any other means of avoiding conviction and escaping punishment seems hopeless. While, therefore, this is a defense to be weighed fully and justly, and when satisfactorily established must recommend itself to the favorable consideration of the humanity and justice of the jury, they are to examine it with care lest an ingenious counterfeit of such a mental disorder should furnish immunity for guilt." There is no substantial legal objection to this instruction. In effect it has been given by trial courts and approved by this court in many cases. (*People* v. *Dennis*, 39 Cal. 637; *People* v. *Bumberger*, 45 Cal. 650; *People* v. *Pico*, 62 Cal. 51.)

The judgment is affirmed.

McFARLAND, J., HENSHAW, J., VAN FLEET, J., HARRISON, J., and TEMPLE, J., concurred.