[Crim. No. 521.   Department Two.—October 24, 1899.]

THE PEOPLE, Respondent, v. GEORGE E. HETTICK, Appellant.

CRIMINAL LAW—INSANITY OF DEFENDANT—SPECIAL TRIAL—DOUBT OF JUDGE.—The doubt as to the sanity of the defendant in a criminal case, referred to in section 1368 of the Penal Code, must exist in the mind of the judge before whom the cause is pending, before the court will be authorized to grant a request of the defendant to have the question of his sanity tried before a jury summoned for that exclusive purpose; and, in the absence of such doubt, the court is not warranted in calling a special jury.

ID. — UNCHANGED CONDITION OF DEFENDANT — REFUSAL OF SPECIAL TRIAL—REVIEW UPON APPEAL.—Where the claim of the insanity of the defendant was based upon an alleged fracture of his skull received in childhood. and no change in his mental condition, since the commission of the act charged as an offense, was claimed, it was not error for the court to refuse to have a special trial of the question of his sanity, in advance of his trial for the offense; and where there is nothing in the evidence embodied in the transcript upon appeal to show that the court was wrong in entertaining no doubt' as to the defendant's sanity at any time, its action in refusing to allow a special trial will not be disturbed by this court.

ID. — DEFENSE OF INSANITY — INSTRUCTION — PROOF OF OVERT ACT— CAUTION OF JURY.—Where the defense of insanity is interposed, it is proper to instruct the jury that "the defense of insanity is one which may be resorted to where the proof of the overt act is so full and complete that any other means of avoiding conviction and escaping punishment seems hopeless," and that "while, therefore, this is a defense to be weighed fully and justly, and when satisfactorily established must recommend itself to the favorable consideration of the humanity and justice of the jury, they are to examine it with care, lest an ingenious counterfeit of such disorder should furnish immunity for guilt."

ID.—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE—The burden of proof as to the defense of insanity is on the defendant; and his insanity must be established by a preponderance of evidence.

ID.—BURGLARY—PREVIOUS CONVICTION OF GRAND LARCENY—OMISSION OF MIDDLE INITIAL—PROOF OF IDENTITY.—Upon a trial for burglary, where the record of a previous conviction of grand larceny of a mare belonging to a person named gave the defendant's family name and surname, but omitted the middle initial of his name, the previous conviction and the identity of the defendant are sufficiently established by uncontradicted proof that he admitted that he was sent to the state's prison for stealing a horse from

such person, and that he was known to have been working for such person at the time of the offense, and to have been sent to the state's prison for stealing his mare.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion.

Callen & Rippey, and Capps & Capps, for Appellant.

Tirey L. Ford, Attorney General, A. A. Moore, Jr., Deputy Attorney General, and H. A. Melvin, for Respondent.

GRAY, C.—Defendant was convicted of burglary in the first degree, a former conviction of grand larceny was found against him, and he was sentenced to a term of ten years in the state prison at San Quentin.

When the case was called for trial his attorney suggested a doubt of the sanity of the defendant and moved the court to submit that question to a jury to be specially impaneled for the purpose under the provisions of sections 1368 and 1369 of the Penal Code. The defendant also offered to present evidence for the purpose of creating a doubt as to defendant's sanity. The claim of the defense was that there had been no material change in the mental condition of defendant since the commission of the acts upon which the charge of burglary was based, and that his general mental condition had been the same for a period of years prior to the time of the trial, and that he had been of unsound mind during all that time as the result of a fracture of the skull received in his childhood. The judge declined to hear evidence previous to the defendant being put upon his trial, but suggested that he would listen to the evidence taken at the trial of the case, and whenever a doubt arose in his mind as to defendant's sanity he would discontinue the trial and impanel another jury to try the question alone of defendant's sanity. The defendant excepted to the action of the court. The trial on the information against defendant was then had. The evidence as to the burglary was strongly against the defendant and without conflict and left the defendant to rely solely on the defense of insanity, upon which defense evidence

was taken as to the actions, conversations, and history of defendant from his birth down to and including the time of the trial. The opinions of many acquaintances of defendant and the testimony of many experts who had examined defendant were also received in evidence at the trial. The trial judge, after listening to all this, announced at the hearing of the motion for new trial, "That he never at any time had the slightest doubt of the sanity of the defendant." The meaning of section 1368 of the Penal Code evidently is that the doubt therein referred to must exist in the mind of the judge before whom the cause is pending before the court will be authorized to grant a request of the defendant in a criminal case to have the question of his sanity tried before a jury summoned for that exclusive purpose. (*Webber v. Commonwealth*, 119 Pa. St. 223.) The code provides no procedure for creating a doubt in the mind of the judge, and yet it seems to be the purpose of the law that no person should be tried for a crime while he is insane. (Pen. Code, sec. 1367.) Much, however, must be left to the judicial conscience of the trial judge in a matter of this kind. (*Webber v. Commonwealth, supra.*) In view of the absence of any claim by the defense that there had been any change in the mental condition of defendant, and in view of the express admission that there was no material difference in his condition between the time of the alleged commission of the offense and the time when the case was called for trial, we see no error in the refusal of the court to hear evidence, offered before the trial, to raise a doubt of defendant's sanity, and think the method adopted in the matter could work no prejudice to defendant. It seems there was in fact no doubt of defendant's sanity at the time of the trial, and no evidence existed that could reasonably cause such a doubt to arise. It is to be presumed that the counsel for the defendant placed all the evidence tending to show insanity, that he could discover, before the court on the trial. He was entitled to and did introduce testimony as to the mental condition of the defendant at the time of the trial, yet it appears from the record that the judge who heard this evidence never for an instant had any doubt as to the sanity of the defendant. It is not probable that it would have had any different effect on the mind of the court

had this evidence been presented before the trial began. The trial judge was in a better position to estimate the evidence than this court can be, and yet, reading the evidence from the printed page, as we have, we can find nothing in it to convince us that the court was wrong in entertaining no doubt at any time as to the defendant's sanity. In the absence of such doubt the court was not warranted in calling a special jury. (*People v. Geiger,* 116 Cal. 440.)

In support of the charge of previous conviction of grand larceny the prosecution placed in evidence records of the superior court of San Diego county showing the conviction and sentence to one year in the state prison at San Quentin of "George Hettick" for the crime of grand larceny in having stolen a mare, the personal property of J. C. Pelton. The testimony of Charles Bell, a witness for the prosecution, was to the effect that the defendant had admitted to him that he was sent to state prison at San Quentin for stealing a horse from John C. Pelton. This witness also testified: "I knew the defendant as a boy and at the time he was sent to San Quentin for stealing John C. Pelton's mare, I knew him at that time. I was then living in National City. I knew at that time of the offense. . . . . I knew he was working at the time for John C. Pelton."

There was nothing to contradict or discredit the foregoing evidence, and we deem it sufficient to support the verdict for the people on the charge of a prior conviction of larceny. (*People v. Rolfe,* 61 Cal. 540.)

The jury were instructed that: "The defense of insanity is one which may be resorted to in cases where the proof of the overt act is so full and complete that any other means of avoiding conviction and escaping punishment seems hopeless. While, therefore, this is a defense to be weighed fully and justly, and when satisfactorily established must recommend itself to the favorable consideration of the humanity and justice of the jury, they are to examine it with care, lest an ingenious counterfeit of such mental disorder should furnish immunity for guilt."

It is the settled law of this state that this is a proper instruction in cases where the defense of insanity is interposed. (*People v. Allender,* 117 Cal. 81; *People v. Larrabee,* 115 Cal. 158.)

The burden of proof as to this defense of insanity is on the

defendant, and his insanity must be established by a preponderance of the evidence, and there was no error in the instruction to that effect. (*People v. Allender, supra.*)

The defendant complains of the action of the court in refusing a number of instructions. There are two reasons why this complaint is not available to defendant: 1. It does not appear from the transcript that any of these instructions were requested by the defendant; 2. A part of these instructions were properly refused because they were not sound in law, and the rest of them were contained, in substance at least, in the instructions that were given to the jury.

We advise that the judgment and order denying a new trial be affirmed.

Cooper, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland, J., Temple, J., Henshaw, J.