[Crim. No. 1937. In Bank.—June 22, 1915.]

## THE PEOPLE, Respondent, v. DAVID FOUNTAIN, Appellant.

CRIMINAL LAW—MURDER IN FIRST DEGREE—KILLING IN PROCESS OF UN-NATURAL GRATIFICATION OF PASSIONS.—A verdict of murder in the first degree is supported by proof that defendant strangled decedent to death in connection with a violent attack upon her person in an unnatural gratification of his passions, although no attempt to commit rape was proved.

ID.—INSANITY AS A DEFENSE—CONTINUANCE FOR THE PURPOSE OF OB-
TAINING EVIDENCE.—A showing by affidavits that defendants coun-
sel had learned that he had been confined in a distant insane
asylum, that they wished to have issued a commission to take testi-
mony of this fact, and hoped to get the evidence of distant wit-
nesses, which they had been assured would be available, to the
effect that the defendant had been insane and other similar mat-
ters, in view of the circumstances indicating lack of diligence shown
in this case, would not justify setting aside an order refusing a
continuance on that ground, as an abuse of discretion.

ID.—SUBSTANCE OF EVIDENCE TO BE SHOWN.—An affidavit in support of
a motion for a continuance for the purpose of obtaining testimony
should state the substance of such testimony in order to inform
the court of its materiality.

ID.—CHARACTER OF EVIDENCE MATERIAL IN PROOF OF INSANITY.—The
only material evidence of insanity in such a case is that tending to
show that at the time the crime was committed, defendant was
insane to such a degree that he was incapable of distinguishing be-
tween right and wrong respecting it.

ID.—DUTY TO DETERMINE PRESENT SANITY WHEN DOUBT EXISTS IN
MIND OF COURT.—A motion to try the present sanity of defendant
made on the day set for the trial of the case under section 1368 of
the Penal Code, based on the affidavit of counsel that he had con-
versed with defendant for an hour on two occasions and believed
him insane, and was informed that he had been confined in an
asylum, was properly denied, since the doubt of sanity which neces-
sitates such investigation is a doubt in the mind of the court, and
the showing made by the affidavit is not sufficient as a matter of
law to compel such a doubt.

APPEAL from a judgment of the Superior Court of Sacra-
mento County and from an order refusing a new trial.   Mal-
colm C. Glenn, Judge.

The facts are stated in the opinion of the court.

H. N. Mitchell, and J. R. Connelly, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy
Attorney-General, for Respondent.

LORIGAN, J.—Defendant was convicted of murder in the
first degree and sentenced to death.   He appeals from the
judgment and from an order denying his motion for a new
trial.

The victim was Margaret Milling, a girl of the age of ten years. Defendant was the janitor of a church in the city of Sacramento in the vicinity of which the little girl resided. On December 5, 1914, about 1 o'clock in the afternoon, the child left her home and went to the church where a sewing class to which she belonged was to meet for the purpose of preparing doll dresses for Christmas time. A few hours subsequently her dead body was found in a little basement room under the belfry of the church. She had been strangled to death with a rope which was found tightly tied around her neck. Upon her body were found bruises and marks of violence and her sexual organ was lacerated in a shocking manner by the hands of defendant. This was admitted by the defendant and a confession which he made, introduced in evidence, showed that the killing of the child was committed by him in connection with a lecherous and brutal attack which he had made upon her for the purpose of arousing and gratifying an unnatural passion.

We make this general statement of the facts because no point is made that the evidence was insufficient to sustain a verdict of murder. No testimony in the case of any character was introduced by the defendant. While it was suggested by proceedings to be presently noted that the defense of insanity of the defendant at the time of the commission of the crime might be interposed, no testimony on his part was offered. The case went to the jury solely on the evidence presented by the prosecution. While we say that the sufficiency of the evidence so offered to sustain a conviction of murder is not challenged by the defendant, his counsel, however, do make the point that it was not sufficient to sustain a verdict of murder of the first degree on the theory that the evidence does not show that the killing of the child was done in the perpetration, or attempt to perpetrate, rape upon her which by force of the statute would constitute murder of the first degree. (Pen. Code, sec. 189.) Little need be said on this point. Taking the confession of the defendant as showing that no attempt to commit rape upon the child was made, nor other evidence in the case tending to show it, the evidence nevertheless does show that she was deliberately strangled to death by the defendant in connection with a violent and brutal attack upon her person in an unnatural gratification of his passions, and beyond any question her death under such circumstances war-

ranted the jury in finding him guilty of murder of the first degree.

The principal grounds urged by counsel for the appellant for a reversal are: 1. That the court erred in denying their application for a continuance of the trial of the defendant until they could procure the testimony of certain persons residing in the state of Iowa as to the insanity of the defendant; and, 2. The denying of their motion requesting that the question of the sanity of the defendant at the time when said motion was made be tried by a jury called exclusively for the purpose of determining that question.

As to the motion for a continuance. The indictment against the defendant was filed December 8, 1914. On December 15, 1914, the present attorneys for defendant were appointed by the court to defend him, the defendant having no means with which to employ counsel in his defense. On December 19, 1914, the court fixed February 16, 1915, as the time of the trial of defendant. On the last date and when the cause was called for trial counsel for defendant moved for a continuance, presenting in support of their motion three affidavits of one of them, together with the offer of notice of a motion served a few days previously, and to be heard on February 23, 1915, for the issuance of a commission to take the testimony of several witnesses residing in the state of Iowa.

The first affidavit alleged on information and belief that defendant had been an inmate of an insane asylum in the state of Iowa, committed to such asylum in the year 1887 by the constituted authorities of said state according to law, and that defendant had escaped from said asylum. The second affidavit stated simply that the testimony of certain witnesses residing in Iowa was material to the defense of defendant. The third affidavit stated that counsel had written to various parties residing in Iowa making inquiries about the life, history, and environment of the defendant; that he had received replies from some of these persons tending to show the insanity of the defendant; that he had received a number of communications from an attorney at Shenandoah, Iowa, expressing his opinion that defendant was insane and that he could get a large number of witnesses to testify to the insanity of defendant if opportunity to do so were given him; that he was collecting data for the purpose of securing such testimony; and that

affiant had received no communication from said attorney since January 21, 1915.

Taking these affidavits singly or collectively they were insufficient as a showing upon which to ground a motion for a continuance. If, as counsel asserts, he was informed that the defendant had been committed to an asylum in Iowa in 1887, there is no showing whatever why in the interim of sixty days between the date of setting the cause for trial and that fixed for the trial, counsel could not have procured a certified copy of the order or judgment of commitment or other papers in the matter, if any such really existed, to be offered upon the trial. Nor does it appear that the insanity of the defendant which warranted his commitment to an asylum in Iowa in 1887 was of such a character as would have any bearing on the question of the degree of insanity which must exist to relieve him of responsibility for the crime with which he was charged; that is, a mind so diseased as to be incapable of distinguishing between right and wrong. It is well known that one may be suffering from a peculiar mental derangement or particular phase of insanity which would authorize his confinement in an asylum for care and treatment but who would yet have sufficient mental capacity to understand the nature and character of his actions and to distinguish between right and wrong, and, hence, to be accountable under the law for his criminal conduct. (*People* v. *Willard,* 150 Cal. 553, [89 Pac. 124].) As to the matter of the ascertainment of the actual existence of this commitment or the nature of the insanity of the defendant as disclosed by it, if it existed, nothing definite is shown or stated. It does not appear even that counsel had ever entered into any correspondence or took any measures to ascertain, or that he did definitely ascertain, the existence of any such commitment or record. No diligence in this matter is shown at all. The second affidavit is clearly insufficient. It simply states that the testimony of certain named witnesses residing in Iowa is material to the defendant. It does not contain any statement of a single fact or item of evidence which it is expected the witnesses would testify to. It was necessary to show what facts it was expected these witnesses would testify to in order that the court might determine whether the testimony it was expected they would give would be material to the defendant and so warrant the granting of a continuance by the court until it could be obtained.

Nor was the position of appellant strengthened by the third affidavit. It was fuller than the others and that is really the most that can be said for it. It showed that counsel received letters from some parties who were communicated with in Iowa "tending to show the insanity of the defendant." But these letters do not accompany the affidavit nor were the facts, if any, which were mentioned in the letters contained in the affidavit of counsel. For all that appears to the contrary these letters amounted to nothing more than an expression of opinion by the writers on the subject of the insanity of defendant. There is nothing in the affidavit to show when these people knew the defendant; whether in 1887, some twenty-eight years ago and about the time it is claimed he was sent to.the asylum in Iowa, or during later years. It nowhere appears when defendant left Iowa or how long he had been in this state. Nor does it appear what the acquaintance or association of any of these letter writers was with the defendant or what were their opportunities of observation of his conduct. Nothing anywhere showing what any of them knew about him, or what facts they expected to testify to; nothing except the general statement of counsel that in his opinion the letters suggest matters "tending to show the insanity of the defendant." But the trial court was entitled to be put in possession of the facts, if any, which these witnesses stated they would testify to as tending to show the insanity of the defendant, whether they were contained in the letters referred to by counsel or derived by him from any other source, so that the court could determine whether the testimony of the proposed witnesses was material or not as tending to show that degree of insanity which would relieve defendant from responsibility for crime and which must have a reasonable tendency to show the existence of such a diseased and deranged condition of his mind at the time he committed the criminal act charged that he was incapable of distinguishing between right and wrong respecting it. While there are many kinds or degrees of insanity it is, as we have said, only this degree which will relieve from responsibility and it is only evidence which tends to establish such a degree of insanity which is material evidence. There is not the slightest showing in the affidavits that the testimony which would be given by the proposed witnesses tended to show insanity of the defendant in the degree required. Nor were the statements in the affidavit

with reference to the opinion expressed by the attorney in
Iowa and his alleged activity in the matter of procuring tes-
timony there as to the insanity of the defendant sufficient,
taken by themselves, or in connection with the other affidavits
presented, to require the court to grant the continuance. This
attorney expressed the opinion that defendant was insane;
that if given an opportunity he could get a large number of
witnesses to testify to it and that he was collecting data for
the purpose of securing testimony to show such insanity. It
does not appear that the Iowa attorney knew or ever saw the
defendant nor upon what grounds he based his opinion as to
his insanity. Neither does it appear that he had imparted to
the attorney for the defendant any facts or data which would
be testified to by witnesses in Iowa. His communications in
the early part of his correspondence with counsel for defend-
ant only express a hope or expectation of being able to do so
which seemed to be no nearer attainment at the time the
motion for the continuance was made than when first expressed
because he had not communicated with counsel for defendant
on the subject for almost a month before the trial. It is fur-
ther suggested that there is nothing in the affidavits to show
but that the evidence which defendant expected to produce
from Iowa and which, as far as any definite date was stated in
the affidavit, would be addressed to a period some twenty-eight
years before the commission of the crime with which defend-
ant was charged, would be too remote to be admitted in evi-
dence if procured, and further, that it was not shown in the
affidavits that such evidence would be necessary to the defend-
ant, that is, that he could not sustain a defense of insanity by
witnesses present in this state and without the testimony of
these witnesses in Iowa. We do not discuss these last sugges-
tions because, for the reasons we have already given and which
go to the more vital defects in the affidavits, we are satisfied
that there was an absence of any legal showing sufficient to
have required the court to grant the motion for a continuance
of the trial and that the order denying it was therefore prop-
erly made.

As to the refusal of the court to call a jury to try the then
sanity of the defendant. This motion was made on the day set
for the trial of the cause and preceded the motion for a con-
tinuance. It was made under section 1368 of the Penal Code
which provides that "If at any time during the pendency of

an action . . . a doubt arises as to the sanity of the defendant the court must order the question as to his sanity to be submitted to a jury; . . .'' and was based on an affidavit of one of the counsel for defendant that he had conversed with defendant for an hour on each of two occasions and believed that he was insane, and further, that counsel were informed that defendant had escaped in 1887 from an asylum in Iowa to which he had been committed.

The doubt referred to in section 1368 of the Penal Code, upon the existence of which a trial of the present sanity of a defendant must be had is a doubt arising in the mind of the court having the defendant in charge. (*People* v. *Hettick,* 126 Cal. 425, [58 Pac. 918].) Counsel for appellant assume that a doubt of the sanity of defendant must legally have been engendered in the mind of the court on the affidavit of counsel expressing his belief that defendant was then insane, coupled with the further averment of the escape of defendant from an asylum in Iowa to which he had been committed some twenty-eight years before. But the court was not constrained to entertain this doubt simply because counsel entertained such a belief proceeding from some conversations with defendant or the suggestion of a previous commitment and escape. All that was presented on the hearing of the motion was this affidavit of counsel. There was no evidence, oral or documentary, introduced on the subject. But opposed to these matters stated in the affidavit of counsel for defendant, as is said in *People* v. *Kirby,* 15 Cal. App. 264–269, [114 Pac. 794] : ''It is fair to assume that the trial court had ample opportunity to, and did, as was its duty, observe and note the defendant's mental condition from time to time, and in particular on the date when his present insanity was suggested. The knowledge thus acquired may have contributed largely toward rebutting any possible inference of present legal insanity which might have been deduced from the facts stated in the affidavit. Section 1368 of the Penal Code contemplates that the doubt referred to therein must arise in the mind of the court having a defendant in charge (*People* v. *Hettick,* 126 Cal. 425, [58 Pac. 918] ; *Webber* v. *Commonwealth,* 119 Pa. 223, [4 Am. St. Rep. 634, 13 Atl. 427] ) ; and in the absence of such a doubt the court is not required to submit the question of the defendant's present insanity to a jury in advance of the trial. (*People* v. *Geiger,* 116 Cal. 440, [48 Pac. 389].)

The ruling of the court denying the motion amounted to a finding by it that it entertained no doubt of the sanity of the defendant at the time the motion was made and we perceive no reason for questioning the accuracy of this conclusion.

We have noted and considered all the points urged on this appeal. The evidence amply supports the verdict and there being no merit in the other assignments of error the judgment and order appealed from are affirmed.

Sloss, J., Shaw, J., Lawlor, J., Melvin, J., and Angellotti, C. J., concurred.

Rehearing denied.