[Crim. No. 642. Second Appellate District, Division One.—June 6, 1919.]

## THE PEOPLE, Respondent, v. JAMES HARVEY HUNTOON, Appellant.

[1] CRIMINAL LAW—INSANITY OF DEFENDANT—SUBMISSION OF QUESTION TO JURY—DISCRETION OF TRIAL JUDGE.—The mere testimony of a medical witness that a defendant is not rational is not sufficient to compel a determination of the question of the insanity of the defendant in his favor; and where such testimony does not produce in the mind of the trial judge a sufficient doubt as to the defendant's sanity, the trial judge has discretion to refuse to submit such question to the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dana Ong for Appellant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn, Deputy Attorney-General, for Respondent.

JAMES, J.—On this appeal taken from the judgment of imprisonment the sole question presented is as to the alleged error of the trial judge in refusing to submit to a jury the question of the sanity of the defendant. The judgment was entered after plea of guilty had been made to a charge of forgery. Before sentence was pronounced a physician was called by the defendant and he testified that, in his opinion, based upon a brief observation of the defendant, he was not rational. [1] However, his testimony did not produce in the mind of the trial judge a sufficient doubt as to the defendant's sanity, and we think that the mere opinion of a medical witness was not sufficient to compel a determination of the question in the defendant's favor, but that the trial judge had discretion to make the ruling which he caused to be entered. (*People* v. *Hettick,* 126 Cal. 425, [58 Pac. 918]; *People* v. *Keyes,* 178 Cal. 794, [175 Pac. 6].)

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.