[Crim. No. 798.   Third Appellate District.—September 17, 1924.]

# THE PEOPLE, Respondent, v. E. J. LITTLE, Appellant.

[1] CRIMINAL LAW—INSANITY—TRIAL FOR—WHEN REQUIRED.—While no person can be placed upon his trial for a public offense while he is insane, if the showing made in support of the suggestion that the accused is insane is not such as to create a doubt in the mind of the judge as to his sanity, then the refusal to act upon the request or suggestion will not be held to be error sufficient to warrant a reversal.

[2] ID.—ESCAPE FROM PRISON GUARDS—INSANITY—ISSUE—REFUSAL TO SUBMIT TO JURY—APPEAL—EVIDENCE.—In this prosecution of defendant for the crime of escaping from the custody and surveillance of prison guards while engaged in highway work on the outside of a state prison, it cannot be said on appeal that the trial court erred in its refusal to submit to a jury the single issue of defendant's suggested insanity at the time of the trial.

[3] ID. — INSANITY — DEFENSE — EVIDENCE — PROVINCE OF JURY. — In such prosecution, so far as the testimony addressed to the question of the defendant's sanity might be regarded as a defense against the charge for which he was on trial, it was for the jury to determine whether the defense was sustained by that degree of proof essential to support such a defense—by a preponderance of the evidence upon that question—and the verdict of the jury is conclusive on appeal as against the defendant's plea in that regard.

[4] ID.—PREVIOUS COMMITMENT TO INSANE ASYLUM—EVIDENCE.—In such prosecution, the fact that the defendant had been committed to an insane asylum previous to the commission of the crime on which the present prosecution is based, amounted to no more than a circumstance to be considered by the court or the jury with all the other evidence in determining the issue of insanity.

[5] ID. — NEW TRIAL — ALLEGED NEWLY DISCOVERED EVIDENCE. — In such prosecution, the trial court did not err in not granting the defendant a new trial on the ground of newly discovered evi-

---

1.  Right of accused in criminal case to jury trial on question of insanity, note, Ann. Cas. 1913C, 327.  See, also, 8 Cal. Jur. 188, 195; 14 R. C. L. 607.

3.  Burden and *quantum* of proof on issue of insanity in criminal cases, notes, 3 Ann. Cas. 926; 15 Ann. Cas. 95.  See, also, 8 Cal. Jur. 31; 14 R. C. L. 624.

4.  See 8 Cal. Jur. 50; 14 Cal. Jur. 365; 14 R. C. L. 620.

5.  See 20 Cal. Jur. 94; 20 R. C. L. 295, 297.

dence, where such evidence, consisting entirely of a commitment of defendant to an insane asylum, added nothing to what was shown at the trial of defendant.

[6] ID.—NEW TRIAL—DISCRETION—APPEAL.—The matter of granting or refusing to grant a new trial is largely in the discretion of the trial court, and unless the showing made is such as to warrant the conclusion upon an inspection of the record that the court below abused its discretion in denying a motion for a new trial, the action of the court in that regard cannot be disturbed on appeal.

(1) 16 C. J., p. 99, sec. 73, p. 789, sec. 2015.   (2) 16 C. J., p. 933, sec. 2294.   (3) 16 C. J., p. 270, sec. 3597, p. 775, sec. 1587.   (4) 16 C. J., p. 775, sec. 1586.   (5) 16 C. J., p. 1206, sec. 2730.   (6) 16 C. J., p. 1119, sec. 2620; 17 C. J., p. 248, sec. 3589.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge.   Affirmed.

The facts are stated in the opinion of the court.

John S. Daly for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant, a prisoner undergoing a judgment of imprisonment in the state prison at Folsom, was charged by information filed in the superior court of Sacramento County with the crime of escaping from the custody and surveillance of the prison guards while he was employed and engaged in highway work on the outside of said prison. The jury found him guilty as charged and he appeals from the judgment and the order denying him a new trial. In the month of October, 1923, the defendant was, with other convicts, assigned by the prison authorities to work on the state highways, and at the time of effecting his escape from the custody of the prison guards under whom he was so employed he was engaged in such employment in Shasta County. On the evening of the 14th of January, 1924, while he was so employed, and after he had partaken of his dinner,

6. See 20 Cal. Jur. 27; 20 R. C. L. 226.

he left the camp and did not return. His absence having been noticed by the guards, pursuit of the defendant was inaugurated and he was on the following day apprehended and taken into custody by one of the guards while he was some distance from the camp at which he was employed, walking in the direction of the city of Redding. There is no dispute as to these facts and they are sufficient to support the verdict.

On the arraignment of the defendant his counsel suggested to the court that he was at that time insane and requested the court to submit the question of his sanity to a jury prior to putting him upon his trial. This request was supported by an affidavit of the mother of the defendant, in which she gave a history of the life of the accused and detailed facts indicating that from the time that he was six years of age he was disposed to leave home at intervals and remain away for a considerable period of time and then return, not being able to give any reason for his conduct. This predilection for wandering from home, she averred, occurred from time to time until the year 1921, when he was examined in the state of Washington on a charge of insanity and committed by the authorities to the insane asylum, from which, so she further averred, he escaped or "wandered away" and to which he "has never been returned." No counter-showing was made by the district attorney; but the court examined the affidavit of the defendant's mother and stated that the document had not generated in the mind of the judge any doubt as to the defendant's sanity and ordered the trial of the case to be proceeded with, saying, however: "If it appears at any time before judgment to the court that the defendant is insane the court will order the matter submitted to the jury. . . . The court hasn't any doubt as to the sanity at this time." After the case for the people was closed, the defendant introduced the affidavit of the defendant's mother. The brother of the defendant was called as a witness for the defense. He testified to the peculiar actions of the accused from the time that he was a mere boy, particularly as to his disposition to leave his home without telling anyone of his intention to do so and returning at unexpected times. He stated that his brother was possessed of the delusion that people were after him to do

him injury or persecute him. On cross-examination by the district attorney he admitted that his brother had been in much trouble during his lifetime and had on one occasion served a term in the state prison of the state of Washington for the crime of burglary. He was asked by the district attorney if, as a matter of fact, the alleged hallucination of the defendant that certain people were endeavoring to get hold of him and do him injury or persecute him was not the fear he had of officers being in pursuit of him for the numerous crimes which he had committed from time to time. To this question the brother replied that he did not "think" so.

The request made by the attorney for the defendant before the beginning of the trial to have the sanity of the accused investigated by a jury was based upon sections 1367 and 1368 of the Penal Code. The first named section provides: "A person can not be tried, adjudged to punishment, or punished for a public offense, while he is insane."

The section last named reads as follows: "If at any time during the pendency of an action up to and including the time when defendant is brought up for judgment on conviction a doubt arises as to the sanity of the defendant, the court must order the question as to his sanity to be submitted to a jury; and the trial or the pronouncing of the judgment must be suspended until the question is determined by their verdict, and the trial jury may be discharged or retained, according to the discretion of the court, during the pendency of the issue of insanity."

[1] It has been held time and again that, while no person can be placed upon his trial for a public offense while he is insane, if the showing made in support of the suggestion that the accused is insane is not such as to create a doubt in the mind of the judge as to his sanity, then the refusal to act upon the request or suggestion will not be held to be error sufficient to warrant a reversal. In other words, "the doubt referred to in the section is a doubt arising in the mind of the court in charge of the trial and not of the counsel for the defendant. In the absence of such doubt the court is not required to submit the question of the defendant's present insanity to a jury in advance of the trial." (*People* v. *Fountain,* 170 Cal. 460 [150 Pac. 341]; see, also, *People* v. *Hettick,* 126 Cal. 425, 427 [58 Pac. 918].)

In *People* v. *Keyes,* 178 Cal. 794, 802 [175 Pac. 6, 9], it is said, quoting from the syllabi: "The right to a jury trial in proceedings inaugurated under the above section (1368), is addressed to the sound discretion of the judge before whom the proceedings are pending and the showing must be sufficient to create a doubt in the mind of the judge as to the sanity of the defendant before he is required to submit the question to a jury, and an appellate court will not disturb his action in this regard, unless it appear that it was a clear abuse of such discretion."

Furthermore, as shown above, the judge, although declining to hear evidence prior to the defendant being put upon his trial, suggested that he would listen to the evidence taken at the trial of the case and that if a doubt thereupon arose in his mind as to his sanity he would submit the matter to the jury for the purpose of determining that single question. In the case of *People* v. *Hettick, supra,* a similar situation is presented, and as it was said in that case, so it is true here. There the court said: "It is to be presumed that the counsel for the defendant placed all the evidence tending to show insanity that he could discover before the court on the trial. He was entitled to and did introduce testimony as to the mental condition of the defendant at the time of the trial, yet it appears from the record that the judge who heard this evidence never for an instant had any doubt as to the sanity of the defendant. It is not probable that it would have had any different effect on the mind of the court had this evidence been presented before the trial began. The trial judge was in a better position to estimate the evidence than this court can be, and yet, reading the evidence from the printed page, as we have, we find nothing in it to convince us that the court was wrong in entertaining no doubt at any time as to the defendant's sanity. In the absence of such doubt the court was not warranted in calling a special jury. (*People* v. *Geiger,* 116 Cal. 440 [48 Pac. 389].)"

The court in this case, in determining whether the defendant's mental condition was such as to justify referring the question of his sanity to a jury for determination, had the right to take into consideration, and no doubt did, that the defendant had been convicted of the crime of burglary in

the state of Washington, that he had been convicted of a like offense in the county of Tehama, this state, and that before being assigned to highway work by the prison authorities, he was, as the evidence shows, subjected to a medical examination by the prison physician. For the same purpose the court also had a right to take into consideration, and doubtless did, that the accused made his escape from the custody of his guards under such circumstances as would tend to indicate that he was in possession of sense enough to know that he was under forced restraint and knew at the time he was leaving such custody he was wrongfully attempting to release himself from such restraint. [2] At any rate, upon the record before us we cannot say that the court erred in its refusal to submit to a jury the single issue of defendant's suggested insanity at the time of the trial.

[3] So far as the testimony addressed to the question of the defendant's sanity might be regarded as a defense against the charge for which he was on trial, it is to be said that it was for the jury to determine whether the defense was sustained by that degree of proof essential to support such a defense—by a preponderance of the evidence upon that question—and the verdict of the jury is conclusive on this court as against the defendant's plea in that regard.

[4] The attorney for the defendant seems to attach much importance here to the rule that a person once shown to be insane is presumed to continue in that condition until the contrary is shown. Granting, but not here deciding, that that presumption is applicable in criminal cases, the answer to the proposition is that, while the fact of his having previously been committed to an insane asylum constituted an important circumstance in that it tended to establish that the defendant was insane either at the time he committed the act or at the time that the trial was had or on all occasions, yet it amounted to no more than a circumstance to be considered by the court or the jury with all the other evidence on that question in determining the issue of insanity.

[5] It is claimed that the court erred in not granting the defendant a new trial on the ground of newly discovered evidence. The newly discovered evidence consisted entirely of the commitment of the accused by the authorities of the state of Washington to the insane asylum of said state in

the year 1921. [6] The matter of granting or refusing to grant a new trial is largely in the discretion of the trial court and unless the showing made is such as to warrant the conclusion upon an inspection of the record that the court below abused its discretion in denying a motion for a new trial, the action of the court in that regard cannot be disturbed on appeal. It is clear that the "newly discovered evidence" upon which counsel relied for a new trial added nothing to what was shown at the trial of the defendant, it having been expressly admitted by the counsel for the people that the defendant was, at the time mentioned in the commitment, committed, to the insane asylum in Washington on a charge of insanity and was an inmate of the institution for a number of months.

No other questions are presented.

The judgment and the order are affirmed.

Plummer, J., and Finch, P. J., concurred.