[No. 2,765.]

## C. T. JACOBUS v. THE COUNCIL OF THE CITY OF OAKLAND.

CONSTRUCTION OF STATUTE—STREETS IN OAKLAND.—The Legislature did not intend by the Act of January 31st, 1870, relative to the opening of streets in Oakland, to authorize the City Council to proceed to open, extend, straighten, or widen any street, except in cases where the Council were satisfied that the benefits to lands affected thereby, and to be assessed

therefor, would exceed the damages to private property necessarily occasioned, and the expenses of the proceeding and work.

IDEM.—The Legislature did intend that the aggregate damages to private property, including the value of land taken for the street, and the expenses of the Commissioners, should be paid for in money by assessment upon the several parcels of land benefited by the proposed improvement, in proportion to the benefits to accrue to each.

IDEM—DUTY OF COMMISSIONERS.—It is the duty of Commissioners appointed under that Act to ascertain and report the damages to the owner of each specific parcel of land affected by the proposed work, which should include the value of lands taken for the street.

APPEAL from the County Court of the County of Alameda.

Under the special Act of the Legislature, referred to in the opinion of the Court, a petition was presented to the Council of Oakland, asking that Eighth street be opened, straightened, and widened, from Adaline to Wood street, to the width of eighty feet. In compliance with the petition, the city engineer was ordered to prepare a map of the proposed improvement. Upon receiving the report of the engineer, with the map prepared by him, the Council gave notice, by advertisement in a daily newspaper, of the intended improvements, and thereafter appointed three Commissioners to examine the charges necessary to be made in the premises to be affected, and to assess damages. The Commissioners reported, among other things, an award in favor of the relator for one hundred and fifty dollars, as the value of the land to be taken from him, by reason of the opening of the street, after deducting the amount of benefits which would accrue to him in the increased value of other land not taken. On application to the County Court a temporary injunction was granted, and the proceedings of the Council were brought up for review on certiorari. After hearing the matter, the Court dissolved the injunction, and confirmed the proceedings of the Council. The relator appealed.

*C. A. Tuttle* and *S. F. Gilcrest,* for Appellant.

*H. H. Havens*, for Respondent.

By the Court, SPRAGUE, J.:

This is an appeal from the judgment of the County Court, on review upon certiorari of the proceedings of the Council of the City of Oakland, in the matter of extending and opening Eighth street, in said city, under and by virtue of an Act of the Legislature entitled "An Act to authorize the Council of the City of Oakland to lay out, open, and improve streets in said city," approved January 31st, 1870. (Stats. 1869–70, p. 38.)

It is alleged by the applicant for the writ that the Commissioners elected by the City Council to assess the damages and benefits to be caused by the opening and extension of said street did not perform their duties in that behalf according to law, but exceeded the authority conferred upon them [in this], "that they did not first ascertain the amount of damage sustained by affiant and others for property taken for said street, as by law they were required to do, but estimated and charged them for all the benefits resulting from said improvement to their remaining lands, and offset the same against the value of the land so taken, and allowed them only the difference as damages."

The return of the Council to the writ abundantly demonstrates. that the principle upon which the Commissioners proceeded in making their award of damages and benefits, in reference to each particular lot by them adjudged to be affected by the improvement, was to award damages only when, in their judgment, the damages, including the value of that portion of the lot or parcel of land taken for the street, exceeded the benefits resulting from the improvement to the residue of such lot or tract, and then only for the excess of such damages over the benefits, and to award benefit only to the extent of the excess of benefit over dam-

ages, including the value of the parcel of the tract taken, if any was taken; and if the damages and benefits were, in their judgment, equal, no award of damages or benefits was by them returned as to that particular lot or tract of land.

It seems to be admitted by counsel for the city that such was the principle upon which the Commissioners proceeded in making their award of damages and benefits, and in arriving at a basis for their assessments upon the parcels of land by them thus adjudged benefited, to meet the aggregate damages thus adjudged to other parcels, and the expenses of the Commissioners; and this mode of procedure is claimed by counsel for the city to be a strict compliance with the statute under which the proceedings were had.

On the other hand, it is insisted by counsel for appellant that this mode of procedure adopted by the Commissioners, to ascertain the damages and benefits caused by the proposed improvement, is not authorized by the statute, but is in direct conflict therewith.

Although the terms of the section of the law which prescribes the duties of the Commissioners are somewhat ambiguous, yet, upon a careful examination of the whole Act, it is clear to my mind that the principle adopted by the Commissioners, in ascertaining the damages and benefits resulting to the specific parcels of land by them adjudged to be affected by the improvement, was erroneous, and not authorized by the letter or spirit of the law; and necessarily, having established a basis of assessment not authorized by the statute, the specific assessments to property benefited to cover the amount of damages and costs are erroneous and illegal.

The Act is entitled "An Act to authorize the Council of the City of Oakland to lay out, open, and improve streets in said city." The first section of the Act in effect provides that, before the City Council shall proceed under the Act

to lay out, open, straighten, or widen any street or highway, they shall examine into the matter and determine, by a vote of a majority of all the members elected to said Council, *that the benefits to arise from the proposed improvement, in whole or in part, will exceed the damages and expenses to be caused thereby,* and that the convenience of the public will thereby be promoted. The second and third sections of the Act specify certain proceedings preliminary to the election by the City Council of three Commissioners. The fourth section provides for the election by the City Council of three Commissioners, of specified qualifications, "to assess the damages and benefits to be caused" by the contemplated improvement; requires said Commissioners to give public notice of the time and place when and where they will proceed to examine the property to be affected by such improvement, and then, at such time and place, the section defines the duties of the Commissioners, as follows: "They shall proceed to examine the land and improvements to be affected by the proposed improvement, and *shall first ascertain the amount of damages* to be sustained, the names of the owners of the property to be damaged, *and the amount to be paid to each of such owners therefor.* They shall then assess upon the property to be benefited by such improvement a sum sufficient to pay the whole amount of such damages, and the fees and expenses of the said Commissioners, and shall apportion the same among the owners of the several parcels of property to be thus benefited, in proportion to the amount of benefits to accrue to each." The section then provides that the Commissioners shall take all pertinent testimony that may be offered, and call such witnesses as they may deem necessary, and require them to make report to the City Council of the "assessments and awards so made by them, with the names and amounts of the persons damaged or benefited, as aforesaid."

It is apparent that the Legislature, by this Act, did not intend to authorize the City Council to proceed to open, extend, straighten, or widen any street, except in cases where the Council were satisfied that the benefits to lands affected thereby, and to be assessed therefor, would exceed the damages to private property necessarily occasioned, and the expenses of the proceedings and work; and that the Legislature did intend that the aggregate damages to private property, including the value of land taken for the street and the expenses of the Commissioners, should be paid for in money, by assessment upon the several parcels of land benefited by the proposed improvement, in proportion to the benefits to accrue to each; and this is entirely defeated by the action of the Commissioners, as evidenced by their report. Whereas, had they performed their duties strictly, as defined in the fourth section, they would have ascertained and reported the damages to the owner of each specific parcel of land affected by the proposed work, which should include the value of lands taken for the street. Without reference to benefits resulting to adjoining lands of the owner, and to the aggregate of damages thus ascertained, they should have added the expenses of the Commissioners, and then ascertained and reported the benefits resulting to each specific parcel of land affected by the improvement and not taken for the street, upon which they would have assessed, in the aggregate, the aggregate of damages and expenses, as first ascertained specifically upon each parcel benefited, in proportion to the amount of benefits to accrue to each; and, necessarily, if the aggregate of benefits exceeded the aggregate of damages and expenses thus ascertained, the assessment to each specific parcel benefited could not exceed or equal such benefit, but must be a per cent thereon, less than one hundred. The owner of land taken for the street would then receive, in money, the value of the land taken for public use; and if he owned adjoining or other lands

benefited by the improvement, he would be required to pay, by an assessment upon such benefits, his proportionate share of the aggregate damages and expenses of such improvement, without reference to any compensation due him for lands taken; and the owner of other lands benefited, no portion of whose lands had been taken for the street, would be assessed upon his benefits in precisely the same ratio of benefits, to meet the aggregate damages and costs.

By this method the costs of the improvement would be apportioned to the parties benefited, upon terms of proximate equality, and each party whose lands were taken for the street would receive compensation therefor.

If this view of the statute be correct, the action of the Commissioners, evidenced by their report, is not sustained by the law governing such action, but is in conflict therewith, and should have been set aside.

The judgment of the County Court must, therefore, be reversed, and cause remanded.

So ordered.