[No. 20664. In Bank. — August 4, 1890.]

THE PEOPLE, RESPONDENT, *v.* LEE FOOK, APPEL-LANT.

CRIMINAL LAW — INSANITY OF DEFENDANT — EVIDENCE — INSTRUCTION — DOUBT OF SANITY AT TIME OF TRIAL. — Evidence upon the trial of a defendant as to his sanity before and after the commission of the offense charged, including his condition at the time of trial, is admissible to enable the jury to determine whether the defendant was insane at the time of the commission of the offense; and the refusal of the court to give an instruction to the jury that the defendant must be acquitted if he was insane at the time of trial indicates that the court had no doubt of the defendant's sanity at that time; and the admission of testimony tending to show that he was then insane does not necessarily indicate that the court had a doubt as to his sanity requiring the submission of the question to the jury.

ID. — SUBMISSION OF QUESTION OF INSANITY TO JURY — DUTY OF COURT. — Where the court has no doubt that the defendant is sane at the time of trial, and the evidence does not show that it was its duty to have entertained such doubt, and there is no request made by the defendant to have the question of insanity submitted to a jury, as required by section 1368 of the Penal Code, as a separate and distinct issue from that of defendant's guilt or innocence of the offense charged, the court does its whole duty in allowing evidence as to the sanity of the defendant before and after the commission of the offense, as bearing upon the question of the defendant's sanity at the time of the commission of the offense, though the deputy sheriff testified that he believed him to be insane at the time of trial. (PATERSON, J., dissenting.)

ID. — INSTRUCTIONS AS TO PRESENT INSANITY. — It is not proper to instruct the jury that they should acquit the defendant if he is insane at the time of trial, and that no plea of such insanity is required, if no issue as to the present insanity of defendant is submitted to the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Hugh J. & William Crawford,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C.—The defendant was convicted of assault with a deadly weapon, upon an information charging the crime of assault with intent to murder.

The claim made for a reversal of the judgment rendered in the premises, and from an order denying a new trial is, that the court erred in not submitting the question of the sanity of the defendant to a jury, under the provisions of section 1368 of the Penal Code, and that it should have given, instead of refusing, an instruction asked for on behalf of the defendant.

The section of the Penal Code with which it is alleged the trial court failed to comply is:—

"Sec. 1368. When an action is called for trial, or at any time during the trial, or when the defendant is brought up for judgment on a conviction, if a doubt arise as to the sanity of the defendant, the court must order the question as to his sanity to be submitted to a jury."

In the present case, the court, upon the trial of the defendant, allowed evidence as to his sanity after and before the commission of the offense charged, *but would not give an instruction to the jury* to the effect that if they believed the defendant insane at the time of trial that they should acquit him. It was proper for the court to allow such testimony to go to the jury on the trial, with a view to enable them to determine whether the defendant was insane at the time of the commission of the offense. (*People* v. *Farrell,* 31 Cal. 576.) But it does not follow, because of this, that the court *must* have had a doubt of the defendant's then sanity; for, as we have

seen, it *refused* to give an instruction that the defendant must be acquitted if he was then insane.

Judge Temple, in the case of *People* v. *Ah Ying*, 42 Cal. 21, says: —

"The fact that evidence upon the subject was allowed to go to the jury, and that they were instructed to find a verdict that the defendant was then insane, if they were satisfied, from the evidence, that he was so, implies a doubt on the part of the court as to his sanity."

There the learned judge found *two* circumstances which together implied a doubt by the court. In the present case, the most important and persuasive circumstance showing doubt in the former case is absent; that is, the granting of the instruction to the jury.

In the present case, the court evidently had no doubt that the defendant was sane; and there being no request made by him to have the question of insanity submitted, as section 1368 requires, as a separate and distinct issue from that of the defendant's guilt or innocence of the offense charged, it did its duty by allowing the evidence to go to the jury as bearing upon the question of the sanity of the defendant at the time of the commission of the offense.

Therefore the case in 42 California is not in point here as showing conclusively that the court must have had doubt as to the defendant's then insanity.

The evidence in the transcript is not of a kind from which we can say that the trial court either ignorantly or capriciously disregarded its force and effect in not entertaining therefrom doubt as to the defendant's sanity. It is clear that no such doubt existed in the mind of the trial court, and we cannot say that it was its *duty* to have entertained such doubt from that evidence.

The instruction refused is: "You are also instructed that if you believe, from the evidence, that the defendant is now insane, you shall find him not guilty because of insanity."

"There was no plea of insanity required." (*People* v. *Ah Ying*, 42 Cal. 21.)

The proof upon the matter of insanity was not admitted under any such issue as *present insanity*, as we have seen. No such issue was before the jury, and no such instruction was proper.

We perceive no prejudicial error in the record, and advise that the judgment and order be affirmed.

Belcher, C. C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Paterson, J., dissenting. — I think it was the duty of the court, when the deputy sheriff testified he believed the defendant to be insane, to suspend the trial and order the question of his sanity to be submitted to a jury. The deputy testified that he was the jailer, and had observed the actions and language of the defendant during the time of his imprisonment in the county jail, and believed him to be insane. This was sufficient to create the doubt provided for by the provisions of section 1368. I do not mean to say that in every case where a witness testifies that he believes the defendant to be insane, the court must order the question of his insanity to be submitted to a jury. The defendant in nearly every case might be able to procure a witness who would testify to his insanity. Each case must depend upon its own peculiar circumstances. Here an officer of the state, — the defendant's keeper, — without any interest whatever in the result of the prosecution, and having had opportunity for two months to converse with and observe the actions of the defendant, testified that he believed the defendant to be insane. There was other evidence, uncontradicted, which tended to show that the defendant was insane prior to the time of the assault, and that the act of defendant was that of a madman, without provo-

cation or motive. As was said by Judge Temple in *People* v. *Ah Ying*, 42 Cal. 21: "Common humanity requires that one should not be tried for his life while insane, and counsel for the defendant cannot waive such inquiry when the doubt exists. . . . . It was the duty of the court, of its own motion, to suspend the trial or further proceedings in the case, at whatever state the doubt arose, until the question of sanity was determined."