[Crim. No. 1031.   In Bank.—February 29, 1904.]

# THE PEOPLE, Respondent, v. AMOS K. ZEIGLER, Appellant.

CRIMINAL LAW—HOMICIDE—INSANITY—EVIDENCE—CONDITION OF DEFENDANT AT TIME OF TRIAL.—In determining whether, at the time of the commission of a homicide, the defendant was insane, the jury may consider his acts, conduct, and appearance prior to and after that time, and evidence of his insanity at the time of trial may be considered.

ID.—INSTRUCTION NOT GROUND FOR REVERSAL.—Where the evidence of defendant on the subject of insanity at the time of the homicide was not specially directed to his state of mind at the time of the trial, and no instruction was asked as to evidence relating to that question, an instruction which, under several decisions of this court, is to be construed as relating to the question whether or not the defendant was in a proper condition as to present sanity or insanity to be put on his trial for the main offense, and that he was to be considered as sane for the purposes of the trial, and was to be presumed sane at the time of the homicide, and that the burden of proving his insanity at that time was upon the defendant, though not to be commended as a whole, is not ground for reversal. [Beatty, C. J., dissenting.]

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

John H. Leonard, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

McFARLAND, J.—Defendant was convicted of the crime of murder in the first degree and was sentenced to suffer the penalty of death. He appeals from the judgment and from an order denying his motion for a new trial.

The sole defense of appellant was insanity. The only point in the case which seems to call for a discussion is raised by appellant's objection and exception to the thirteenth instruction given by the court at the request of the prosecution,

which is as follows: ''You are not to consider whether or not
the defendant is insane at the present time, but you are to
consider him as now sane. A person charged with crime can-
not be legally tried for such crime, unless he be sane at the
time of the trial. The defendant has presented the issue to
you that, at the very time of the alleged commission of the
homicide, he was insane. As I have already told you, the
burden of proving his insanity at that time by a preponder-
ance of evidence rests upon him, because the law presumes he
was then sane.'' If this instruction must be construed as
telling the jury that in determining whether or not the appel-
lant was insane at the time of the commission of the alleged
crime they could not consider any evidence tending to show
that he was insane at the time of the trial, it is erroneous. It
is the well-established rule that in determining whether at a
certain date a person was insane, a jury may consider his
acts, conduct, appearance, etc., prior to and after the said
date, and that, if he is on trial for a crime alleged to have
been committed at such date, evidence of his insanity at the
time of his trial may be considered. (1 Greenleaf on Evi-
dence, sec. 42; *People* v. *Farrell,* 31 Cal. 576; *Estate of
Toomes,* 54 Cal. 516;[1] *People* v. *Lee Fook,* 85 Cal. 300.) But
an instruction in the exact language of the one above quoted
was held not to be cause for reversal by this court in at least
three cases,—*People* v. *Schmitt,* 106 Cal. 48; *People* v. *Mc-
Carthy,* 115 Cal. 255; and *People* v. *Donlan,* 135 Cal. 489.
And it was held in those cases that the instruction related
only to the question whether or not the defendant was in a
proper condition—as to his present sanity or insanity—to be
put on his trial for the main offense. It is provided in the
Penal Code (secs. 1367 et seq.) that a person while he is insane
cannot be tried for a public offense, and that if, when an
action is called for trial, there is a doubt as to the present
sanity of the defendant, the court must suspend the main
trial and submit the question of his present sanity to a jury
called for that special purpose. And in the cases above cited
it was held that an instruction similar to the one now under
review referred only to those provisions of the code, and
merely informed the jury that it was for the court to deter-

[1] 35 Am. Rep. 83.

mine whether the defendant was in a condition to be tried, and that, for the purpose of proceeding with the trial, he was to be considered as at present sane. In *People* v. *McCarthy,* 115 Cal. 255, the court said that the instruction should be regarded "as doing no more than informing the jury that the issue submitted to them was that of defendant's sanity *at the date of the homicide;* and that, for the purposes of the trial, he was to be considered sane, since only a sane man could be competently put upon trial for an offense." While therefore the instruction in question is not to be commended, and might as well have been omitted, still, following the views expressed in the cases above cited, we do not think that giving it calls for a reversal. The evidence of appellant on the subject of sanity at the time of the homicide was not specially directed to his state of mind at the time of the trial, and it does not appear that any importance was attached to his mental condition at the latter period; for his counsel did not ask the court to instruct the jury that evidence tending to show his insanity at the time of the trial should be considered by them in determining whether he was insane at the time of the homicide.

There are some other points made by appellant, but no one of them is available for a reversal, and they do not call for special notice. It is enough to say that there was no error in giving the fifth, tenth, and eleventh instructions asked by the people, or in refusing the sixteenth, thirty-fourth, forty-second, forty-fourth, fifty-fourth, and fifty-sixth instructions asked by appellant, or in modifying what is called in the brief the fifty-fifth instruction asked by him and found at folios 756 and 759 of the transcript, or any substantial error in any ruling on the admissibility of evidence or on any other subject.

The judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J., and Lorigan, J., concurred.

BEATTY, C. J., dissenting.—I dissent. It is hardly correct to say that the instructions "held not to be ground for reversal" in the cases of Schmitt, McCarthy, and Donlan were in the "exact language" of the thirteenth instruction of the superior court in this case. It is true that in the Schmitt

case, as in the McCarthy case, an instruction was given in the "exact language," but other instructions were given along with it which were held to qualify it and to prevent it from being understood in an injurious sense, and in the Donlan case the substance of· these qualifying instructions was incorporated with the other so as necessarily to be read in connection with it. Moreover, the instruction as so qualified was, not approved, but merely tolerated or excused for reasons totally wanting in this case,—the principal of which was, that no suggestion was made during the trial that the defendant was insane nor any witnesses examined as to his sanity at that time. (*People* v. *Schmitt,* 106 Cal. 50.) In this case there was more than a suggestion that the defendant was insane at the very time of the trial,—insane, that is to say, in the sense of having a diseased brain, a condition which, though it might leave him ordinarily in possession of his memory and reasoning faculties, and therefore liable to be put upon trial for an offense (*Ex parte Buchanan,* 129 Cal. 330), would nevertheless predispose him to violent outbreaks of insane fury when wrought upon by a keen sense of injury. There was evidence unimpeached and uncontradicted strongly tending to prove that he was the victim of inherited epilepsy, and that he exhibited symptoms of that malady in his conduct and appearance before and at the trial. This being so, it was of vital importance to his defense that the jury should not be so instructed as even to leave them in any doubt as to their duty to consider the evidence of present insanity as corroborative of other evidence of chronic cerebral disorder. The circumstances, in short, were such as to emphasize the impropriety of giving· an instruction never approved in any case, and only condoned in particular instances upon grounds which have no existence here.

The error of the court in giving this instruction is made more striking by the fact that the district attorney requested in behalf of the state an instruction copied from that given in *People* v. *Donlan,* 135 Cal. 493, and containing the qualification to which so much importance has always been attached in holding the instruction as here given "not cause for reversal." This instruction, so qualified, and to that extent less objectionable, was refused in favor of the unqualified proposition quoted in the opinion of the court, where in terms of

mild disapproval it is held not to be ground for reversal. In my opinion the instruction, even in its qualified form, should never have been excused, and in the form it appears in this case should be unhesitatingly condemned.