[Crim. No. 287. First Appellate District.—February 2, 1911.]

## THE PEOPLE, Respondent, v. MICHAEL KIRBY, Appellant.

CRIMINAL LAW—MURDER—INSANITY—MOTION AND RULING AS TO PRELIMINARY TRIAL—CODE MISQUOTED—ERROR URGED FOR NEW TRIAL—REVIEW UPON APPEAL.—Where under a charge of murder the defense was insanity, and it is evident from the entire record that defendant intended to move for a preliminary trial for insanity, and the court so understood it in denying the motion, but each of them misquoted the title, chapter and section of the Penal Code applicable to the motion and ruling, and though error in the ruling is not made ground for a new trial, yet where the alleged error was specified in the motion for new trial, it is held that it will be considered upon appeal from the order denying the motion, without reference to technical questions involved.

ID.—CREATION OF DOUBT AS TO PRESENT INSANITY—DUTY OF COURT TO IMPANEL JURY.—Though the Penal Code provides no procedure for presenting facts to create doubt in the mind of the court as to the present insanity of a defendant, yet it does require that no person shall be required to defend a criminal charge while insane, and that whenever a doubt is created in the mind of the court as to the present insanity of a defendant therein, it is its duty, with the aid of a jury specially impaneled for that purpose, to inquire into his then mental condition, to ascertain whether he is mentally competent to make a just and rational defense.

ID.—AFFIDAVIT OF PRESENT INSANITY—REBUTTAL BY OBSERVATION OF COURT.—Where the defendant presented an affidavit as to his present insanity, which was *prima facie* sufficient to require his commitment to an insane asylum, yet, though it was not rebutted by counter-affidavit, it cannot be said, as matter of law, that the affidavit was sufficient to create a doubt in the mind of the court as to his present sanity, where the court had abundant opportunity to observe his mental condition at the trial, while present in court, and which observation may in its mind have rebutted every fact stated in the affidavit.

ID.—DOUBT MUST BE IN MIND OF COURT—CONSTRUCTION OF CODE.—Section 1368 of the Penal Code contemplates that the doubt referred to therein must arise in the mind of the court having the defendant in charge; and, in the absence of such a doubt, the court is not required to submit the defendant's present insanity to a jury in advance of the trial.

ID.—EFFECT OF DENIAL OF MOTION — FINDING AGAINST DOUBT.—The denial of the motion of the defendant for a preliminary trial as to

present insanity was the equivalent of an express finding that no doubt of the defendant's mental condition was present in the mind of the court.

ID.—ABUSE OF DISCRETION NOT SHOWN.—It is held that this court cannot say, from all of the evidence presented to and before the trial court, that the court abused the discretion vested in it by section 1368 of the Penal Code in refusing a preliminary trial.

ID.—MOTION IN ARREST OF JUDGMENT FOR PRESENT INSANITY.—Although, under section 1367 of the Penal Code, an insane person cannot be adjudged to punishment while insane, yet the present insanity of a defendant about to be arraigned for judgment upon a criminal conviction is not ground for a motion to arrest the judgment under section 1185 of that code.

ID.—RIGHT OF COURT TO PRONOUNCE JUDGMENT.—It is held that the evidence submitted at the objection to the pronouncing of judgment was not of such a character as would necessarily cause the court to hesitate in pronouncing judgment, and that its refusal to suspend judgment was a sufficient indication that the mind of the court was still free from doubt as to the sanity of the defendant.

ID.—REQUESTED INSTRUCTION—RIGHT OF DEFENDANT TO ACQUITTAL FOR PRESENT INSANITY—PROPER MODIFICATION.—A requested instruction as to the right of the defendant to an acquittal for insanity at the time of trial was properly modified by stating that a verdict of acquittal can only be based upon his insanity at the very time of the commission of the offense.

ID.—NATURE OF SPECIAL DEFENSE OF INSANITY.—The special defense of insanity involved only the issue of the defendant's mental condition at the very time of the commission of the crime charged against him.

ID.—EVIDENCE OF DEFENDANT'S INSANITY AT TIME OF TRIAL.—Evidence of the defendant's insanity at the time of trial was admissible in his behalf for the limited purpose of tending to prove prior insanity; but in no event could it be invoked as a complete defense to the crime charged or be made the sole basis of an acquittal.

ID.—MODIFIED INSTRUCTION NOT WITHDRAWING EVIDENCE OF PRESENT INSANITY.—The modified instruction being correct in law could not, when read in connection with the charge as a whole, be understood as withdrawing from the jury the evidence as to the defendant's insanity at the time of the trial.

ID.—REFUSAL OF REQUEST AS TO OPINION OF EXPERTS.—The court properly refused a requested instruction based upon the evidence of medical experts for the prosecution, who testified to their opinions as to defendant's sanity, that "if there is any reasonable doubt of the facts on which the opinion is based, the jury should take this into consideration in weighing the opinion of the experts." The instruction stated no principle of law, and merely told the jury what

they should have done without instruction. It was neither necessary nor proper to include it in the charge of the court.

ID.—ABSENCE OF ERROR IN INSTRUCTION.—It is held that there is no error in the instructions given or refused, or in the modification of requests, which, as modified, were fully and fairly covered by the charge of the court.

ID.—REVIEW OF CONFLICTING EVIDENCE AS TO INSANITY.—It is held that, though this court is impressed with the strength and *bona fides* of the special defense of insanity, yet the evidence is sufficiently conflicting to preclude this court from passing upon the sufficiency of the evidence to sustain the verdict.

ID.—FOUNDATION FOR EXPERT EVIDENCE—OBJECTION NOT PRESENTED AT TRIAL NOT REVIEWABLE.—An objection not presented at the trial that no foundation was laid for the expert evidence as to defendant's mental condition at the time of the homicide cannot be considered upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Robert Ferral, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

LENNON, P. J.—The defendant was informed against in the superior court of the city and county of San Francisco for the crime of murder, and found guilty of manslaughter. The killing was admitted, and the defense was insanity. This appeal is from the final judgment of conviction, and the order of the trial court denying the defendant's motion for a new trial.

Counsel for the defendant presents to this court three questions for consideration and determination, namely: 1. The refusal of the trial court to submit the question of the defendant's "present insanity" to a jury for determination prior to the trial of the case upon its merits; 2. The refusal of the trial court to suspend the pronouncing of judgment because of the alleged "present insanity" of the defendant; and 3. Asserted error of the court in refusing and modifying certain instructions requested upon behalf of the defendant.

The defendant was arraigned on and pleaded "not guilty" to the information on March 3, 1910, and the trial of his case, after several intermediate callings and continuances, was commenced on June 29, 1910. On June 14, 1910, Robert Ferral, Esq., counsel for the defendant, suggested to the trial court the present insanity of the defendant, and thereupon sought and received permission to file with the court in support of the suggestion the affidavit of James M. Kirby, a son of the defendant. The record discloses that "Thereupon the defendant interposed a motion in pursuance of chapter 10, title 6, part 2, of the Penal Code." Whereupon the court ordered "that the motion of the defendant herein made in pursuance of chapter 6, title 8, part 2, of the Penal Code, be and the same is hereby denied." No chapters, titles and parts as designated by counsel and the trial court in respectively making and ruling on the motion in question are to be found in the Penal Code of the state of California. If the defendant be compelled to rest his first point upon the terms of this motion and its denial as presented by the record on appeal to this court, rather than upon the suggestion of present insanity and the affidavit offered and received in support thereof, it is obvious that the point immediately in question was never directly presented to nor definitely decided by the lower court, and therefore nothing remains to be done or decided in that behalf by this court. However, the defendant included in his motion for a new trial, and as one of the grounds thereof, the statement that "The court erred in denying defendant's motion and application to submit the question of the defendant's present insanity to a jury; said motion being made and based upon a sworn affidavit of his son."

While the subject matter of the quoted statement is not one of the grounds of a motion for a new trial enumerated by section 1181 of the Penal Code, and therefore could not properly be considered on the original hearing or final review of such a motion, yet it serves to indicate that counsel for the defendant and the trial court moved and acted in the premises upon the assumption that the defendant, through his counsel, intended and attempted to move the court to submit the question of the defendant's present insanity to a jury in advance of the trial. When in a criminal case it is sufficiently clear from the entire record, as it is here, that a defendant

intended and attempted to avail himself of a statutory right, and his intent and attempt were not, and could not have been, misunderstood by the trial court, we are not disposed to refuse a decision of the point involved solely upon technical grounds.

No procedure is provided in our code for presentation to a trial court of any fact or facts which would be calculated to create a doubt in the mind of the court as to the sanity of a defendant in a criminal case. It is, however, the plain and humane mandate of the law (Pen. Code, sec. 1367) that no person shall be compelled to defend against a criminal charge while he is insane; and whenever and however up to and including the time of judgment a doubt of the present and presumed sanity of a defendant in a criminal case is created in the mind of the court having him in charge, it becomes the duty of that court, with the aid of a jury especially impaneled for that purpose, to inquire into the then mental condition of the defendant (Pen. Code, sec. 1368)—this for the purpose of ascertaining if the defendant rightly comprehends the nature and object of the proceedings pending against him, and is mentally competent to make a just and rational defense.

No oral or documentary evidence was presented to the court by the people in rebuttal of the facts alleged in the affidavit referred to. Counsel for the defendant earnestly urges that, in the absence of such rebuttal, the averments of the affidavit must be accepted as true; and, if true, were sufficient to create and must have created, in the mind of the court a doubt of the defendant's present sanity. Doubtless the facts alleged in the affidavit would have been sufficient foundation for a commitment of the defendant to an asylum for the insane upon the theory that he was so far medically insane as to be dangerous to be at large. But "the insanity which demands that a person should be confined in an insane asylum is not the same insanity which bars the prosecution of that person for the commission of a felony." (*In re Buchanan,* 129 Cal. 333, [61 Pac. 1120, 50 L. R. A. 378].) We are not prepared to say as a matter of law that the affidavit relied upon was sufficient in any one or all of the facts alleged therein to necessarily create a doubt in the mind of the court as to whether or not the defendant was then legally insane in the sense and to the extent that he did not appreciate his situation, and was incompetent mentally to assist in making and presenting a

just and rational defense. However that may be, there was, in addition and opposed to the facts stated in the affidavit, evidence before the court on the question of the defendant's sanity. At each of the numerous occasions revealed by the record when the case was called and continued for trial the defendant was personally present in court; and, as a matter of course, his conduct and appearance on these occasions were in evidence, and must have claimed the observation and attention of the court. That counsel for the defendant understood that the trial court's action in the matter was based, in part at least, upon the court's personal observation and inspection of the defendant, is evidenced in counsel's address to the court suggesting the present insanity of the defendant, wherein it was said: "We might have some date this goes over to— might have that as to the present insanity. . . . That is, if your honor thought from the reading of the affidavit and *what your honor has learned* that there was sufficient reason to believe he is at present insane, or if you have a reasonable doubt as to that." It is fair to assume that the trial court had ample opportunity to, and did, as was its duty, observe and note the defendant's mental condition from time to time, and in particular on the date when his present insanity was suggested. The knowledge thus acquired may have contributed largely toward rebutting any possible inference of present legal insanity which might have been deduced from the facts stated in the affidavit.

Section 1368 of the Penal Code contemplates that the doubt referred to therein must arise in the mind of the court having a defendant in charge (*People* v. *Hettick,* 126 Cal. 425, [58 Pac. 918]; *Webber* v. *Commonwealth,* 119 Pa. 223, [4 Am. St. Rep. 634, 13 Atl. 427]); and in the absence of such a doubt the court is not required to submit the question of the defendant's present insanity to a jury in advance of the trial. (*People* v. *Geiger,* 116 Cal. 440, [48 Pac. 389].)

The denial by the court of the motion in question was the equivalent of an express finding that no doubt of the defendant's then mental condition was present in the mind of the court. We are not prepared to say from all of the evidence presented to and before the trial court upon the hearing of the motion that the court abused the discretion vested in it by the provisions of section 1368 of the Penal Code.

When the defendant was arraigned for judgment his counsel interposed a motion in arrest of judgment based solely ''on the ground that the defendant is now an insane person.'' The motion in arrest of judgment was ''submitted on the matters already submitted on the motion for a new trial and on the evidence already before the court as taken during the trial.'' The matters referred to as having been submitted on the motion for a new trial were contained in the conflicting affidavits of counsel for the people and defendant, filed in support of their respective contentions as to the existing mental condition of the defendant. The motion in arrest of judgment was denied, and thereupon counsel for the defendant orally presented to the court a motion that ''the defendant be examined . . . or tried on the question of his lunacy or sanity as provided by law.'' This motion was also denied.

''An insane person cannot be . . . adjudged to punishment or punished for a public offense while he is insane'' (Pen. Code, sec. 1367); but the present insanity of a defendant about to be arraigned for judgment upon a criminal conviction is not a ground for a motion in arrest of judgment (Pen. Code, sec. 1185), and therefore, from a technical point of view, the motion in arrest of judgment was properly denied.

But aside from this, and treating all that occurred at this juncture in the proceedings as an objection to the pronouncing of judgment because of the present insanity of the defendant, the refusal of the court to suspend judgment in the face of the objection was a sufficient indication that the mind of the court was still free from any doubt as to the sanity of the defendant. The evidence submitted in support of the objection was not, in our opinion, of such a character as would necessarily cause the court to hesitate before pronouncing judgment.

Counsel for the defendant complains that the trial court's modification of defendant's requested instruction No. 52 withdrew from the jury the right to consider the defendant's alleged insanity at the time of the trial as a factor in determining his mental condition at the time of the killing. This instruction as originally presented and requested directed the jury to bring in a verdict of acquittal if the evidence warranted a finding that the defendant was insane at the time of the trial. The court's modification of this instruction re-

quired that a verdict of acquittal by reason of insanity should be predicated only upon the insanity of the defendant existing at the very time of the commission of the offense. The special defense of insanity interposed upon behalf of the defendant involved only the issue of the defendant's mental condition at the very time of the commission of the crime charged against him. (*People* v. *Coffman,* 24 Cal. 230; *People* v. *Lee Fook,* 85 Cal. 300, [24 Pac. 654] ; *People* v. *Schmitt,* 106 Cal. 50, [39 Pac. 204], and *People* v. *McCarthy,* 115 Cal. 263, [46 Pac. 1073].) Evidence of the defendant's insanity at the time of the trial was admissible in his behalf for the limited purpose of proving, or tending to prove, prior insanity. (*People* v. *Farrell,* 31 Cal. 581; *People* v. *Lee Fook,* 85 Cal. 300, [24 Pac. 654] ; *People* v. *Zeigler,* 142 Cal. 338, [75 Pac. 1090].) But in no event, nor in any view of the case, could the present insanity of the defendant in and of itself be invoked as a complete defense to the crime charged, or properly be made the sole basis of a verdict of acquittal. The court of its own motion instructed the jury to consider the mental condition of the defendant before and after the commission of the crime in order to ascertain what his mental condition was at the very time of its commission. The instruction as modified correctly stated the law, and when read and received in connection with the charge of the court as a whole could not have been understood as withdrawing from the jury the right of considering the defendant's insanity at the time of the trial. (*People* v. *McCarthy,* 115 Cal. 261, [46 Pac. 1073].)

Two witnesses, both medical gentlemen, were called in rebuttal of the case presented upon behalf of the defendant. They, as experts, testified that in their respective opinions the defendant was sane at the time of the trial, and was sane at the time of the commission of the crime charged. The defendant's attorney now insists that the court erred in its refusal to charge the jury, as requested, that "If there is any reasonable doubt of the facts upon which the opinion is based the jury should take this into consideration in weighing the opinion of the experts."

The equivalent of this instruction is to be found elsewhere in the charge of the court. Moreover, no principle of law was embodied in the subject matter of the instruction. It would

have merely "told the jury to do what they should have done without any instruction upon the subject." (*People* v. *Barthleman,* 120 Cal. 7, [52 Pac. 112].) It was, therefore, neither necessary nor proper to include it in the charge of the court. (*People* v. *Methever,* 132 Cal. 326, [64 Pac. 481].)

The court's modification of defendant's requested instruction numbered 55 did not destroy its effect. The instruction as modified correctly stated the law upon the subject of the defendant's neglect or refusal to offer himself as a witness in the case. That counsel had advised him not to take the witness-stand was not a matter for the jury's consideration.

We have examined the several other assignments of error, predicated upon the court's modification or refusal of requested instructions, and are satisfied that in every instance of modification or refusal the subject matter of the requested instruction was elsewhere fully and fairly covered by the charge of the court.

Counsel for the defendant devotes the closing pages of his brief to a cursory review of the evidence pertaining to the defendant's mental condition at the time of the commission of the offense. The finding of the jury, implied from the verdict, that the defendant was then sane is not specifically assailed. However, it appears to be counsel's purpose to urge upon this court a review of the evidence, and with that thought in mind we have carefully gone over the entire record. We are impressed with the strength and *bona fides* of the special defense interposed upon behalf of the defendant; but upon the whole case the evidence—fact, presumptive and opinion— is sufficiently conflicting to preclude this court from forming or expressing any opinion of its sufficiency.

The point incidentally made that no foundation was laid for the expert opinions of the defendant's mental condition at the time of the tragedy was not urged in the form of an objection at the trial of the case, and therefore it cannot be considered here.

The judgment and order are affirmed.

Hall, J., and Kerrigan, J., concurred.