[Crim. No. 5391.   Second Dist., Div. One.   Aug. 15, 1955.]

THE PEOPLE, Respondent, v. GEORGE EDWARD SNYDER, Appellant.

George Edward Snyder, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—In the within action the defendant pleaded guilty to attempted robbery.   Two prior convictions were admitted.

The appellant, in propria persona, filed a notice of appeal, which is written in longhand by appellant, and is as follows:

"This is my notice of appeal in Case of *People* v. *Snyder*—case #169465. Final court decision & sentence was made on Jan. 19, 1955 at 12:30 p m in Dept. 41, Hall of Justice, Judge Harold Schweitzer presiding.

*"Given Reasons For Appeal*

"#1. Court sentenced defendant without court appointed Psychiatrist yet recommended defendant be sent to Terminal Island Facility of Dept. of Corr. at Terminal Island, Reason therefore being plea of *guilty* by *reason of insanity* be entered!

"#2. Court technical immunities in record of plea proceedings held Dec. 29, 1954 in Dépt. 44 in favor of offering probationary hearing after defendant *waived same* because of

certain knowledge probation would not be granted on inmate with *two prior convictions!!*

"#3. During sentencing *double jepeordy* was prewarned to Court in light that defendant would serve time all over again for time previously served. Time element was shown explicitly—Jan 19, 1955—Dept 41—#169465 People vs Snyder.

"#4. Innumerable Court irregularities in evidence from time of Preliminary Hearing—#124921 Div 40 of Municipal Court on Dec 14, 1954 to judgment 1/19/55.

"Defendant, Snyder, Geo. E undersigned, being own legal attorney requests all necessary court documents, briefs, plea & oral plea & plea & sentencing & *certified* manuscripts to assist him in necessary appeal of case #169465; and that said documents be made & sent him free of charge as soon as Clerk of Court is convenienced; said documents to be forwarded & registered to defendant.

> "Very truly yours,
> /s/George W. Snyder
> "#346931 -
> "Case #169465

"Official Notice of Appeal filed *within 10 days* limits!!" (Emphasis included.)

A brief memorandum on behalf of appellant was filed by the Criminal Appeals Committee of the Los Angeles Bar Association. Quoting therefrom:

"The transcripts on appeal have been carefully studied. The undersigned has advised the appellant that the grounds stated in his notice of appeal—among which is that of double jeopardy—do not seem to be well taken, . . .

"However, there are three matters which greatly disturbed the undersigned in reading the transcript. They will be stated under three separate headings.

"I

"Should a trial judge who thinks that an accused is in need of psychiatric treatment and recommends it, take a plea of guilty from such an accused.

"II

"Should a trial judge who is of the opinion that an accused is in need of psychiatric treatment acquiesce in such accused's insistence that he does not desire the aid of counsel?

## "III

"The right to be represented by counsel is doubly important when there are two counts, under one of which the defendant might have been found guilty only of a misdemeanor, rather than a felony."

The trial judge urged the defendant several times to be represented by counsel, for example,

"THE COURT: My advice to you is that you obtain the services of a lawyer of your own choosing, or, if not, I will appoint the Public Defender to represent you.

"THE DEFENDANT: I believe I have a right within the Constitution to represent myself.

"THE COURT: You do have that right."

The defendant's mental state was a question for the trial judge. (Pen. Code, § 1018; Pen. Code, § 1368.) As pointed out by respondent,

"Since the question whether a 'doubt' has arisen as to defendant's sanity is for the determination of the trial judge, it is only where there is an abuse of that discretion that the trial judge's action may be disturbed on appeal. *People* v. *Gilberg,* 197 Cal. 306, 317 [240 P. 1000]." See also *People* v. *Perry,* 14 Cal.2d 387 [94 P.2d 559, 124 A.L.R. 1123], and *People* v. *Fountain,* 170 Cal. 460 [150 P. 341], also *People* v. *Adams,* 92 Cal.App. 6, 19 [267 P. 906].

There is no merit to the appeal.

Affirmed.

White, P. J., and Drapeau, J., concurred.